IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL GARLAND TAYLOR,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 07cv2224 |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§<br>§ | |

## ORDER ON DISMISSAL

Petitioner Paul Garland Taylor, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2554, and claims that the Texas Board of Pardons and Paroles' denial of parole violated his protected liberty interests.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. After reviewing the petition and the applicable law, the Court will deny habeas relief and dismiss this petition with prejudice.

## BACKGROUND AND CLAIMS

Petitioner was convicted of murder in 1995 and sentenced to life imprisonment. According to his petition, he was denied parole on January 12, 2007, and given a three-year set off for his next parole review. He reports that in denying him parole, the Board gave the following reasons:

> The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others. The instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public. The record indicates use of a weapon.

(Docket Entry No. 1, p. 11.) Petitioner claims that the Board's procedures and decision constitute an abuse of discretion, cruel (but not unusual) punishment under the Eighth Amendment, a denial of due process and equal protection, and denial of a protected liberty interest in parole arising by virtue of his life sentence.[1]

## ANALYSIS

### A.   No Denial of a Protected Liberty Interest

Petitioner's claims for abuse of discretion, denial of due process, cruel punishment under the Eighth Amendment, and denial of parole are all based on his erroneous assumption of a protected liberty interest in parole. The Fifth Circuit Court of Appeals has determined that Texas inmates have no constitutional expectancy of parole, *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), and no state-created liberty interest in parole review for purposes of federal due process. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Thus, petitioner's claims raise no issues of federal constitutional dimension. *See Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995) (denying claim that parole review procedures deny due process because they give no advance written notice of hearings, no opportunity to be heard, and deny access

---

[1] Construing petitioner's claims as claims brought pursuant to 42 U.S.C. § 1983 would provide him no greater right of relief.

2

to materials and right to be accompanied by person of choice); *see also Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997). Neither the duration of petitioner's sentence nor his accomplishments while in prison give rise to a protected liberty interest in state parole where such interest otherwise does not exist. No cognizable habeas claims are shown.

**B.     No Denial of a Right to Equal Protection**

Petitioner claims that his right to equal protect was denied because the Board has granted parole to other offenders "with worse criminal records." Petitioner has no due process right to parole, and he raises no cognizable federal habeas claim. *See, e.g., Nelson v. Strang,* 67 Fed. Appx. 247 (5th Cir. 2003) ("We have previously held that Texas prisoners have no protected liberty interest in parole, and therefore they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.") (internal quotations omitted).

Regardless, petitioner does not show that convicted murderers are a suspect class or that they have been denied a fundamental right as to parole. *See Rublee v. Fleming,* 160 F.3d 213, 217 (5th Cir. 1998). Nor does petitioner show that, as a "class of one," he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See, e.g., Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

3

## CONCLUSION

The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. Petitioner has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 20th day of July, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE